IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PERRY PATTERSON, Institutional ID No. 1673121 | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:21-CV-142-BQ |
| DR. LINDA ROSE, et al., | § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION**

Before the Court is pro se Plaintiff Perry Patterson's "Notice to Court Tendered with Request for Preliminary Injunction." ECF No. 22. In the motion, Patterson asserts that he "has competently requested multiple copies multiple times of his own medical records," but Texas Department of Criminal Justice (TDCJ) officials have failed to provide them. Mot. 1–2, ECF No. 22.[1] Therefore, Patterson asks the Court to order "TDCJ agencies to inform all record staff, by Injunction, to immediately cease all deprivations of medical records and the deliberate withholding of evidence of same." *Id.* at 2 (cleaned up). After considering Patterson's pleadings and applicable law, the Court recommends that the motion be **DENIED** without prejudice to Patterson's right to request injunctive relief in the future should circumstances change.[2]

### I. Legal Standard

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

---

[1] Page citations to Patterson's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[2] Patterson has not consented to proceed before a magistrate judge. ECF No. 4. In accordance with the order of transfer and 28 U.S.C. § 636(b), the undersigned enters this Report.

When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state jail, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, jail administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or temporary restraining order (TRO), a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;
2. A substantial threat of irreparable injury if the injunction is not granted;
3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and
4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue").

In addition, the Prison Litigation Reform Act (PLRA) limits a federal court's authority to issue injunctions concerning prison conditions. The "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm," and "be the least intrusive

means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ." *Id.*

## II. Analysis

As an initial matter, the Court observes that Patterson has not provided notice of his request for injunctive relief to the opposing parties. Under Rule 65, a preliminary injunction can issue only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Patterson has not shown that he has given notice to the persons subject to his request for injunctive relief. *See* Mot. 1–2. For this reason alone, his motion should be denied. *See King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

Turning to the merits of Patterson's motion, Patterson has failed to satisfy his burden of producing adequate evidence, through affidavit, verified complaint, or other means, establishing a substantial likelihood of success on the merits and that the injunction serves the public interest. First, the undersigned finds that his new allegations are distinct from his pending claims in this action and would be more properly considered in a separate § 1983 action. In his motion, Patterson asserts that TDCJ's denial of his medical records violates his "4th, 8th and 14th [Amendment] Constitutional rights and Federal and State laws as well." Mot. 1. Patterson does not, however, raise a denial-of-records claim in his Amended Complaint. Am. Compl. 3–4, ECF No. 8. Through this motion, Patterson attempts to raise factually and legally distinct claims based on a recent, discrete incident. *Id.*

Moreover, Patterson does not plead any facts showing he exhausted his administrative remedies before filing his request for injunctive relief. To the contrary, Patterson fails to include any dates concerning when he allegedly made records requests to Defendants. Based on

Patterson's pleadings, the Court can only conclude that it is unlikely he exhausted TDCJ's two-step grievance process as to this distinct records claim prior to filing his motion. *See* Mot. 1–2; *Moussazadeh v. Tex. Dep't of Crim. Just.*, 703 F.3d 781, 788 (5th Cir. 2012) (explaining TDCJ's grievance process).

Under the PLRA, a prisoner must exhaust the prison grievance procedure before pursuing relief in federal court. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[R]equests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused." *Muhammad v. Wiles*, 841 F. App'x 681, 685–86 (5th Cir. 2021) (per curiam) (internal quotation marks and citation omitted). Because it appears Patterson has not exhausted his administrative remedies, he cannot meet his burden of showing a substantial likelihood of success on the merits. *See id.*; *Gordon v. Parker*, No. 5:17-CV-00194-RWS, 2018 WL 4204347, at *4 (E.D. Tex. Sept. 4, 2018) ("The Magistrate Judge correctly determined [p]laintiff did not overcome his burden of showing a substantial likelihood of success because he did not exhaust his administrative remedies.").

But even if Patterson has exhausted his remedies, he cannot demonstrate a likelihood of success on the merits. Defendants' alleged failure to provide Patterson with a copy of medical records in response to his request, standing alone, does not amount to a constitutional violation. *Fields v. Gage*, 550 F. App'x 240, 241 (5th Cir. 2013) (per curiam); *see* Mot. 1 (asserting that according to "TDCJ and [University of Texas Medical Branch] policy," he should receive a copy of his medical records when requested). Patterson claims he is seeking the records for discovery purposes, but the Court is still in the process of screening this case and has not yet entered a scheduling order setting forth pretrial deadlines, including those for discovery. *See* Mot. 1–2

(stating that he needs the records "for research," "to perfect his claim for competent compliance," and generally "for this civil action").[3] Any information possessed by Defendants or other parties that ultimately may be discoverable, should the case proceed, is not subject to production at this time. *See* PLRA Filing Fee Order 2 ¶ 6, ECF No. 15 ("All discovery in this case is stayed until an answer is filed or ***until further order***." (emphasis added)). Patterson's request for injunctive relief is improper and, at best, premature.

Further, the relief Patterson seeks does not serve the public interest but instead impermissibly involves the Court in prison administration and institutional security. Patterson has not pleaded any facts establishing a public interest that would be served by issuing the requested injunctive relief. *Cf. Bell*, 441 U.S. at 547–48, 562 (explaining that courts should accord prison administrators "wide-ranging deference" in operating correctional institutions, as they are the experts in maintaining institutional security, and cautioning courts against becoming "enmeshed in the minutiae of prison operations"); *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." (internal quotation marks and citation omitted)).

Because Patterson did not provide notice to Defendants and has failed establish at least two of the four elements required for obtaining a preliminary injunction, the undersigned finds the district judge should deny his motion.

### III. Recommendation

For these reasons, the undersigned recommends that the United States District Court deny Patterson's motion. ECF No. 22.

---

[3] To the extent Patterson believes that the Court's Order for Authenticated Records requires either (1) Patterson to provide the Court with records, or (2) TDCJ to provide Patterson with a copy of the records it submits to the Court, he is mistaken. *See* ECF No. 19.

Once this Report and Recommendation has been docketed, the Clerk is **DIRECTED** to refer it to the Honorable Sam R. Cummings, United States District Judge, for final disposition of Patterson's motion.

### IV.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: November 23, 2021.

                                                                                                  _____
                                                                                                  D. GORDON BRYANT, JR.
                                                                                                  UNITED STATES MAGISTRATE JUDGE

6